## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a PETMATE, | : CIVIL DIVISION |
| | : |
| | : GD No. 15- |
| Plaintiff, | : |
| | : |
| v. | : **COMPLAINT FOR PATENT** |
| | : **INFRINGEMENT, TRADEMARK** |
| THE KYJEN COMPANY, INC., | : **INFRINGEMENT AND UNFAIR** |
| | : **COMPETITION** |
| Defendant. | : |
| | : Filed on Behalf of Plaintiff: |
| | : Doskocil Manufacturing Company, Inc. d/b/a |
| | : Petmate |
| | : |
| | : Counsel of Record for Plaintiff: |
| | : |
| | : Mark A. Willard, Esquire, Pro Hac Vice |
| | : Pa. I.D. No. 18103 |
| | : David V. Radack, Esquire, Pro Hac Vice |
| | : Pa. I.D. No. 39633 |
| | : ECKERT SEAMANS CHERIN & |
| | : MELLOTT, LLC |
| | : 600 Grant Street, 44th Floor |
| | : Pittsburgh, PA 15219 |
| | : Phone: (412) 566-6000 |
| | : Fax: (412) 566-6099 |
| | : mwillard@eckertseamans.com |
| | : dradack@eckertseamans.com |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a PETMATE, | : CIVIL DIVISION<br>:<br>: GD NO. 15- |
| Plaintiff, | : |
| V. | : |
| THE KYJEN COMPANY, INC., | : |
| Defendant. | : |

**COMPLAINT FOR PATENT INFRINGEMENT,
TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, Doskocil Manufacturing Company, Inc. d/b/a Petmate, hereby files this Complaint for Patent Infringement, Trademark Infringement and Unfair Competition against The Kyjen Company, Inc. as follows:

**NATURE OF THE ACTION AND SUBJECT MATTER JURISDICTION**

1.  This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.* and in particular arising under 35 U.S.C. § 271. This is also an action for trademark infringement and unfair competition under the Lanham Act as amended 15 U.S.C. § 1051 *et seq.* and the laws of the Commonwealth of Pennsylvania.

2.  This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 281 and Section 31 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) because this action arises under the laws of the United States and acts of Congress relating to patents and trademarks. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is an action

{J1913209.1}

between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The activities of The Kyjen Company, LLC described herein are sufficient to subject it to the personal jurisdiction of this Court.

## PARTIES

3. Doskocil Manufacturing Company, Inc. d/b/a Petmate ("Doskocil") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 2300 East Randol Mill Road, Arlington, Texas 76011.

4. The Kyjen Company, Inc. ("Kyjen") is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 15514 E. Hinsdale Circle, Unit A, Centennial, Colorado 80112.

## VENUE

5. Venue over this action is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because this judicial district is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred, because Kyjen is subject to personal jurisdiction and therefore resides within this judicial district and because Kyjen has committed acts of patent infringement, trademark infringement and unfair competition within this judicial district.

## PATENT NO. 6,076,829

6. On June 20, 2000, United States Patent No. 6,076,829 (the "'829 Patent") was duly and validly issued to Mark Oblack, for a Ball Throwing Apparatus and Method. A true and correct copy of the '829 Patent is attached to the Complaint as **"Exhibit A"** and is incorporated herein by this reference.

7.  Through a December 11, 2012 assignment from Mark Oblack to Canine Hardware, Inc. and subsequent July 3, 2014 merger of Canine Hardware Inc. into Doskocil, Doskocil is the owner of the '829 Patent. The '829 Patent is currently subsisting, and Doskocil is the real party-in-interest with the right to seek the relief requested in this Complaint.

## COUNT I
## INFRINGEMENT OF THE '829 PATENT

8.  The allegations of Paragraphs 1 through 7 are incorporated herein by this reference.

9.  Kyjen, without authorization from Doskocil, has been and is engaged in making and/or importing into the United States and offering for sale and selling in this judicial district and elsewhere, infringing products, including a pet ball throwing device which it sells under the name **"Flik-It"** an image of which is attached hereto as **"Exhibit B"** and a pet ball throwing device which it sells under the name **"Launch-A-Ball"** an image of which is attached hereto as **"Exhibit C"**, both of which are incorporated herein by this reference.

10. Kyjen, in this judicial district and elsewhere in the United States, is offering for sale and selling the **"Flik-It"** and **"Launch-A-Ball"** ball throwing devices which infringe the inventions set forth in one or more claims of the '829 Patent, and/or is contributing and/or is actively inducing the making, offering for sale, selling and/or use of products which infringe the inventions of one or more of the claims of the '829 Patent in violation of 35 U.S.C. §§ 271(a), 271(b) and/or 271(c).

11. The infringement of the '829 Patent by Kyjen has been willful and deliberate and in conscious disregard of Doskocil's rights.

12. As a consequence of the foregoing, Kyjen has caused and is continuing to cause damage to Doskocil and, unless such acts are enjoined by this Court, Kyjen will continue to cause irreparable harm to Doskocil for which there is no adequate remedy at law and for which Doskocil is entitled to injunctive relief under 35 U.S.C. § 283.

## RELIEF REQUESTED

WHEREFORE, Doskocil prays for relief as follows:

A. That the Court adjudge that Kyjen has infringed one or more of the claims of the '829 Patent;

B. That the Court adjudge that the infringement by Kyjen has been willful;

C. That the Court award Doskocil its damages in accordance with 35 U.S.C. § 284, and increase those damages up to three (3) times by reason of the willful infringement;

D. That the Court awarded Doskocil its costs in connection with this action;

E. That the Court declare this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, and award Doskocil its reasonable attorney's fees, expenses and costs of this action;

F. That the Court preliminarily and permanently enjoin Kyjen and its officers, agents, servants, employees, attorneys and those persons in active concert with or participation with them who receive actual notice hereof by personal service or otherwise from committing further acts of infringement of the '829 Patent.

G.  That the Court award Doskocil such other and further relief as the Court deems just and proper.

## COUNT II
## TRADEMARK INFRINGEMENT

13. The allegations of Paragraphs 1 through 12 are incorporated herein by this reference.

14. Doskocil is the registered owner of the trademark CHUCKIT!® trademark which was registered on the Principal Register of the United States Patent and Trademark Office on March 7, 2000. A true and correct copy of the United States Trademark Registration No. 2,326,486 for Doskocil's CHUCKIT!® trademark is attached hereto as "**Exhibit D**".

15. Through a July 3, 2014 merger of Canine Hardware, Inc. into Doskocil, Doskocil is the registered owner of the CHUCKIT!® trademark and Doskocil is the real party-in-interest with the right to seek the relief requested in this Complaint.

16. The CHUCKIT!® trademark has been used continuously since 2000 to identify Doskocil's patented CHUCKIT!® ball throwing device. Doskocil uses its CHUCKIT!® trademark in advertising, sales and promotional materials, user guides and product performance specifications for its CHUCKIT!® line of pet products.

17. The registered trademark CHUCKIT!® trademark is valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.

18. As a result of Doskocil's continuous and exclusive use of its CHUCKIT!® mark, the CHUCKIT!® trademark has become distinctive in the minds of actual and potential customers as an indication of origin, source, sponsorship, quality and goodwill

with respect to Doskocil's **CHUCKIT!®** trademark products, all as the direct result of Doskocil's time, money, creativity and promotional efforts.

19. Since the adoption of its **CHUCKIT!®** trademark Doskocil has expended substantial amounts of money in paid media and various forms of promotion and marketing of products that feature its **CHUCKIT!®** mark. Through favorable acceptance and recognition of its products, Doskocil's **CHUCKIT!®** trademark has become an asset of tremendous value and goodwill as a symbol identifying Doskocil and its products. Doskocil's **CHUCKIT!®** trademark has acquired in the United States and around the world a substantial and favorable reputation and goodwill and has acquired secondary meaning as indicating Doskocil as the source of origin of the **CHUCKIT!®** trademark products offered for sale by Doskocil. Doskocil permanently marks its' packaging materials, websites, user guides, advertising and promotional literature and other relevant materials with its registered **CHUCKIT!®** trademark.

20. Doskocil has developed and now owns strong common law rights in the **CHUCKIT!®** trademark in Pennsylvania and throughout the United States.

## DEFENDANTS' INFRINGEMENT OF THE CHUCKIT!® TRADEMARK

21. Kyjen is in the business of, *inter alia*, manufacturing, marketing and selling products used in the pet supply and pet toy industry. Like Doskocil, Kyjen markets and distributes its products through identical channels of distribution including pet stores, pet supply stores, online pet product sellers and directly sells its products, including the infringing **Flik-It** ball throwing device and the infringing **Launch-A-Ball** ball throwing device from its interactive website: <<http://shop.kyjen.com>>.

22. Defendants have actual knowledge that the **CHUCKIT!®** trademark is owned by Doskocil and used by Doskocil in connection with its sale of dog toy products, including Doskocil's patented **CHUCKIT!® Ball Launcher Dog Toy** as well as other dog toy products, images of which are set forth on **"Exhibit E"** attached hereto and incorporated herein by this reference.

23. Kyjen presently is using the confusingly similar term **"FLIK-IT"** on the infringing "FLIK-IT" ball throwing device and on its interactive website in connection with Kyjen's sale of the infringing **"Flik-It"** ball throwing device as depicted on the image of a page of Kyjen's interactive website: <<http://shop.kyjen.com>> attached hereto and incorporated herein by this reference as **"Exhibit B"**.

24. The term **"FLIK-IT"** used by Kyjen is confusingly similar to Doskocil's **CHUCKIT!®** trademark in that the words "FLIK" and "CHUCK" both end in a hard "K" sound and also both contain the word "IT" at the end. Indeed, Kyjen includes the words "chuck it" and "FLIK-IT" in the same sentence as shown on the page of Kyjen's interactive website attached hereto and incorporated herein as **"Exhibit B"**.

25. Kyjen's use of the confusingly similar term **"FLIK-IT"** in connection with the manufacturing, marketing and sale of dog toys including the infringing **Flik-It** ball throwing device is likely to cause confusion and mistake and lead the relevant consuming public to believe that Kyjen's products are in fact manufactured and sold by Doskocil or are sponsored, approved or somehow affiliated with Doskocil.

26. Moreover, Kyjen's use of the confusingly similar term **"FLIK-IT"** on the infringing "FLIK-IT" ball throwing device and on its website is likely to cause confusion, to cause mistake and to deceive customers and potential customers as to some

affiliation, connection or association on Kyjen with Doskocil or as to the origin, sponsorship or approval of Kyjen's products by Doskocil.

27. Kyjen's use of the confusingly similar term **"FLIK-IT"** on the infringing "FLIK-IT" ball throwing device and on its website enables Kyjen to trade upon and receive the benefit and goodwill built up at the great labor and expense over many years by Doskocil with the **CHUCKIT!**® trademark and to gain acceptance of Kyjen's products not solely on their own merits but on the representation and goodwill of Doskocil and its trademarks, products and services.

28. Kyjen's use of the confusingly similar term **"FLIK-IT"** enables Kyjen to pass off their products on the unsuspecting public as those of Doskocil.

29. Kyjen's use of the confusingly similar term **"FLIK-IT"** removes from Doskocil the ability to control the nature and quality of products provided under its trademarks and places the valuable reputation and goodwill of Doskocil in the hands of Kyjen, over whom Doskocil has no control.

30. Kyjen's improper use of the confusingly similar term **"FLIK-IT"** is willful and intentional.

31. Unless these unfair and deceptive practices and acts of unfair competition by Kyjen are enjoined by this Court, they will continue to cause irreparable injury to Doskocil and to the public, for which there is no adequate remedy at law.

32. The acts of Kyjen described and complained of herein constitute infringement of Doskocil's registered trademark in violation of Section 32 of the Lanham Act 15 U.S.C. § 1114.

## COUNT III
## FEDERAL UNFAIR COMPETITION

33.     The allegations of Paragraphs 1 through 31 are incorporated herein by this reference.

34.     The acts of Kyjen described and complained of herein constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act 15 U.S.C. § 1125(a)(1)(A).

## RELIEF REQUESTED

WHEREFORE, Doskocil respectfully requests that the relief requested below be granted.

## COURT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35.     The allegations of Paragraphs 1 through 33 are incorporated herein by this reference.

36.     The acts of Kyjen described and complained of herein constitute trademark infringement, unfair competition and violation of the common law of the Commonwealth of Pennsylvania.

## RELIEF REQUESTED

WHEREFORE, Doskocil respectfully requests that the following relief be granted against Kyjen:

(1)     that a preliminary and permanent injunction issue ordering and enjoining Kyjen and its agents, servants, employees, successors and assigns and all those actions under its authority or in privity with it or in concert or participation with it from any of the following:

{J1913209.1}                                    9

(a) that the confusingly similar term **"FLIK-IT"** be removed from all of Kyjen's products, packaging, advertising and promotional materials and internet websites including the advertising of the infringing Flik-It ball throwing devise on the Kyjen <<http://shop.kyjen.com>> interactive website;

(b) ordering Kyjen to deliver to Doskocil for destruction all products and any and all signage or other advertising and promotional materials in the possession of Kyjen or under Kyjen's control or custody bearing the confusingly similar term **"FLIK-IT"**..

(c) enjoining Kyjen from unfairly competing with Doskocil in the manner complained of herein or in any other matter including any further use of the term **"FLIK-IT"** or any other word or phrase containing "FLIK" and "IT" or any phonetically equivalent terms or from doing such acts that may cause products sold, offered for sale, distributed, advertised or supplied by Kyjen to be mistaken for or confused with the products sold, offered for sale, distributed, advertised or supplied by Doskocil;

(d) enjoining Kyjen from making any statement or representation whatsoever using any false designation of origin or false description or performing any act which can be or is likely to lead the public or individual members thereof, to believe that any product designed, manufactured, supplied or sold by Doskocil is the product of Kyjen.

(2) That Doskocil be awarded punitive damages;

(3) That Doskocil be awarded its costs in this action including reasonable attorney's fees and expenses;

(4) That Doskocil be awarded such other and further relief as the Court deems just and proper.

Dated: January 20, 2015

Respectfully submitted,

/s/ Mark A. Willard
Mark A. Willard
Pa. I.D. No. 18103
David V. Radack
Pa. I.D. No. 39633
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000
Fax: (412) 566-6099
mwillard@eckertseamans.com
dradack@eckertseamans.com

*Attorneys for Plaintiff, Doskocil Manufacturing Company, Inc. d/b/a Petmate*